WALLACE, JUDGE:
This claim arises out of an automobile accident which occurred at 5:30 a.m. on February 17, 1978, on U.S. Route 50 west of Clarksburg, West Virginia, approximately one-half mile east of the junction of Routes 50 and 23. The claimant, driving his 1969 Cadillac Fleetwood automobile, was proceeding westerly from his home in Clarksburg to his place of employment at the Willow Island power station in St. Marys, West Virginia. He was accompanied by two sleeping coworkers. It was dark, the weather was clear, and the four-lane highway was dry.
The claimant testified that he was travelling at approximately 55 mph and that, as he crested a slight knoll on the highway, his headlights shone on what he perceived to be a brown grocery bag lying approximately 100 feet in front of his vehicle in the center of the right-hand lane. He was unsure whether any automobiles were beside him in the passing lane. He slowed to a speed of 40 mph and chose to straddle the unknown object on the highway. Unfortunately, the object was a large rock, which, when struck, caused an estimated $649.20 in damages to the underside of the automobile. The claimant further testified that he had driven this route every morning of the week prior to the accident and had not previously encountered any rocks on the highway in the area in question.
Marshall Bobbitt, a foreman for the respondent, testified that daily during the entire month of February, 1978, snow patrols were dispatched at regular hourly intervals to inspect an assigned section of Route 50 for snow and/or debris. No debris *347 of any kind was reported found in the area of the accident on the morning of February 17, 1978, prior to the accident. The evidence revealed that the section in question was not known to be a falling rock area. The claimant was of the opinion that the rock had just fallen on the highway immediately before the accident.
This Court repeatedly has adhered to the general principle of the case of Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947), that the State is not a guarantor of the safety of travelers and that the user of the highway travels at his own risk. The duty of the State in the maintenance of highways is one of reasonable care and diligence under all circumstances. In the case of Hammond v. Department of Highways, 11 Ct. Cl. 234 (1977), this Court held, “The unexplained falling of a rock or boulder onto a highway, without a positive showing that the Department of Highways knew or should have known of a dangerous condition and should have anticipated injury to person or property, is insufficient. . . .to justify an award.”
There was no evidence presented showing any negligence on the part of the-respondent. Accordingly, the Court disallows the claim.
Claim disallowed.